Argued and submitted May 27, reversed and remanded for new trial June 29, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# CHRISTOPHER HARRY HOWARD,
*Appellant.*

(92P-3282; CA A78049)

877 P2d 127

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Diane L. Alessi, Chief Deputy Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, and Diane S. Lefkow, Assistant Attorney General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals his conviction for felony driving while suspended. The issue is whether admission of hearsay testimony at defendant's trial was harmless error. We reverse.

On August 8, 1992, a sheriff's deputy responded to the scene of a public disturbance involving two vehicles and five people. At defendant's trial, the deputy testified that the windshield of one of the vehicles had been damaged, that defendant was in the passenger seat of the other vehicle when the deputy arrived, that defendant admitted that he had been driving, and that defendant had eight keys in his possession when he was booked into jail, while the other male in the vehicle had no keys in his possession. The trial court also admitted, over defendant's hearsay objection, the statement of a passenger in the damaged vehicle that defendant had been driving.

Defendant testified that he did not drive to the location of the disturbance, and that the vehicle in which the deputy found him belonged to his ex-girlfriend. Defendant also testified:

"Q. Now the Deputy has said that you told him you drove out there. Do you remember your conversation with the Deputy?

"A. Pretty much, yeah.

"Q. What do you recall the conversation being?

"A. Well, I was asked if I was driving. I told him no, I wasn't driving. And where he says I admitted driving, that is where — like he came back from the other car, and said they are saying I was driving. Oh, yeah, right, I was driving. Wasn't admitting I was driving.

"Q. And it was said in that way?

"A. Yeah."

The jury found defendant guilty of felony driving while suspended.

■ ■ Defendant assigns error to the admission of the hearsay statement that defendant was driving. The state concedes that the trial court erred, but argues that the error was harmless. A criminal conviction may be affirmed despite

evidentiary error only if the error did not affect a "substantial right" of the defendant. OEC 103(1). That means that there must be "little likelihood that the error affected the verdict." *State v. Isom*, 306 Or 587, 595-96, 761 P2d 524 (1988). Based on our review of the record, we cannot say that there is "little likelihood" that that statement affected the verdict. It corroborated the state's evidence and could have undermined defendant's argument that he was merely being sarcastic when he "admitted" he was driving.

Reversed and remanded for new trial.